Citation Nr: 1550129 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 08-13 201A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to a rating higher than 30 percent for posttraumatic stress disorder (PTSD) prior to July 16, 2012, and higher than 50 percent thereafter.

2. Entitlement to a total rating based on unemployability due to service-connected disabilities (TDIU).

3. Entitlement to service connection for cirrhosis of the liver and hepatitis C.

4. Entitlement to service connection for hypertension.


REPRESENTATION

Appellant represented by: James G. Fausone




ATTORNEY FOR THE BOARD

R. Sauter, Associate Counsel


INTRODUCTION

The Veteran served on active duty from July 1968 to July 1972, including service in the Republic of Vietnam from February to November of 1969. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from rating decisions of the Regional Office (RO) of the Department of Veterans' Affairs (VA) in Waco, Texas. A March 2008 rating decision denied service connection for cirrhosis of the liver and hepatitis C. That matter was previously remanded by the Board in October 2011. A September 2008 rating decision denied service connection for hypertension. An October 2011 rating decision granted service connection for PTSD with an evaluation of 30 percent effective June 20, 2007. A September 2013 rating decision increased the evaluation for PTSD to 50 percent, effective July 16, 2012, and denied entitlement to a TDIU. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The most recent Supplemental Statement of the Case, dated in October 2014, notes that additional medical evidence relevant to the Veteran's claims for service connection for hepatitis C, higher ratings for PTSD, and entitlement to a TDIU had been received and considered. The evidence listed is a VA examination addendum opinion from the Dallas VA Medical Center, dated April 29, 2014, and VA treatment records dated between August 7, 2007 and September 29, 2014. The cited records are not in either of the Veteran's virtual claims files. As the cited records directly relate to the matters on appeal, they must be associated with the claims file prior to appellate consideration. 

The Veteran was presumptively exposed to herbicides because of his service in Vietnam during the Vietnam era. He has been diagnosed with hypertension. Although his currently diagnosed hypertension is not listed among the diseases subject to presumptive service connection as a result of herbicide exposure, a VA medical nexus opinion is nonetheless required to assist in determining whether service connection may be warranted on a direct basis. The National Academy of Sciences (NAS) Institute of Medicine's Veterans and Agent Orange: Update 2010 (2010 Update) concluded that there is limited or suggestive evidence of an association between exposure to Agent Orange (AO) and hypertension. See Nat'l Acad. of Sci., Inst. of Med., Veterans & Agent Orange: Update 2010 (2011). 

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the claims file all outstanding VA treatment records from August 2007 to the present, including the VA examination addendum, Dallas VA Medical Center, dated April 29, 2014. 
 
2. After the above has been accomplished, perform any additional development deemed necessary in light of the newly associated medical evidence, to include scheduling the Veteran for a new VA examination to assess the current nature and severity of his PTSD, which was last evaluated in July 2012.

3. Schedule the Veteran for a VA examination with an appropriate examiner, to assist in determining the etiology of currently diagnosed hypertension. 

The examiner should be requested to render an opinion regarding whether it is at least as likely as not (50 percent or more probability) that hypertension was caused or aggravated by exposure to Agent Orange during service. 

The examiner should assume Agent Orange exposure in addressing this issue, and should provide an explanation for the opinion reached. 

In rendering the opinion, the examiner should specifically comment on whether he or she finds the aforementioned studies linking hypertension to Agent Orange exposure persuasive, whether the Veteran has other risk factors that might be the cause of hypertension, and whether hypertension has manifested itself in an unusual manner.

The claims folder must be made available for review in connection with this examination. The examiner should provide a complete rationale for all conclusions reached.

4. Then, after conducting any additional development deemed necessary, readjudicate the issued on appeal. If any benefit sought on appeal remains denied, the Veteran and his representative should be furnished with a supplemental statement of the case and be afforded the applicable opportunity to respond before the record is returned to the Board for further review.


The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).



This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
H. SEESEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).